UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------

JESSICA YOUNG,

        Plaintiff,

 -against-

CHINA AIRLINES, LTD.,

        Defendant.

------------------------------------------------------------

Civil Action No.: 21-4457

**COMPLAINT**

Plaintiff Jessica Young ("Plaintiff"), as and for her Complaint against defendant China Airlines, Ltd. ("Defendant"), alleges and states as follows:

## NATURE OF ACTION

1. This is an action for strict liability under the Convention for the Unification of Certain Rules for International Carriage by Air, signed at Montreal on May 28, 1999, hereinafter referred to as the "Montreal Convention."

2. This suit is related to injuries sustained by Plaintiff on August 9, 2019, in the course of international carriage on Defendant's airplane.

## PARTIES

3. Plaintiff Jessica Young is a resident of Cortland County, New York.

4. Defendant is the state-owned national air carrier of Taiwan, with headquarters in Taoyuan, Taiwan. Defendant maintains substantial and continuous operations within the State of New York, namely, at 633 3rd Avenue, 8th Floor, Suite 800, New York, NY 10017.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C § 1331 in that Plaintiff's claim arises under a treaty to which the United States is a signatory and involves questions of federal law. *See* Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada May 28, 1999, reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734 (the Montreal Convention).

6. The Montreal Convention is a treaty of the United States that governs "all international carriage, baggage or cargo performed for reward." *Montreal Convention* Art. 1(1). The Montreal Convention replaces and unifies the system of liability established under the Warsaw Convention. *Elrich v. Am. Airlines, Inc.*, 360 F.3d 366, 371 n.4 (2nd Cir. 2004).

7. Venue is proper in, and Defendant is subject to the personal jurisdiction of, this Court pursuant to 28 U.S.C §1391(f)(2) and Article 33 of the Montreal Convention because all the events giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

8. On or about August 9, 2019, Plaintiff was a passenger on a flight operated by Defendant from New York to Taiwan. While the plane was on the tarmac at John F. Kennedy International Airport, located in Queens County, New York, Plaintiff was sitting in her seat when suddenly, and without notice, a flight attendant dropped a suitcase onto Plaintiff's person. The flight attendant was retrieving the suitcase for another passenger from the overhead compartment, but dropped the suitcase onto Plaintiff, causing injuries.

Upon information and belief, Defendant was well-aware of passengers being injured in similar fashion yet failed to take appropriate action.

9. Immediately after the suitcase impacted Plaintiff's body, Plaintiff felt significant pain in her shoulder, neck, and back. As of the date of this filing, Plaintiff continues to suffer from pain in her shoulder, neck, and back, and Plaintiff has since received a lumbar discectomy and has been recommended a shoulder surgery for the injuries she sustained as a direct result of this incident. Plaintiff now brings this lawsuit to recover for her injuries.

## FIRST CAUSE OF ACTION
(Strict Liability)

10. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

11. Pursuant to Article 17 of the Montreal Convention, a carrier is liable for damages sustained in cases of bodily injury or death to a passenger so long as the accident that caused the injury occurred while onboard, embarking or disembarking.

12. The United States Supreme Court has defined an accident to mean "an unexpected or unusual event or happening that is external to the passenger." *Air France v. Saks*, 470 U.S. 392, 405 (1985).

13. Article 21 of the Montreal Convention provides that a carrier shall not be able to limit its liability for damages not exceeding 100,000 Special Drawing Rights (SDR). Effective December 30, 2009, this 100,000 SDR limit was revised to 113,100 SDR. *See* Dep't of Transp., Inflation Adjustments to Liability Limits Governed by the Montreal Convention Effective Dec. 30, 2009, 74 Fed. Reg. 59,017 (Nov. 16, 2009).

14. The acts complained of herein occurred after December 30, 2009. Therefore, Defendant is strictly liable for the damages sustained by Plaintiff up to 113,100 SDR.

WHEREFORE, plaintiff Jessica Young demands judgment against defendant China Airlines, Ltd:

a) On her strict liability claim in an amount not to exceed 113,100 SDR; and

b) Awarding such other and further relief as the Court deems just, equitable, and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of any issue triable as of right by a jury.

Dated: New York, New York
August 6, 2021

SIMON·LESSER PC

By: _____
 Leonard F. Lesser, Esq.
 Nathaniel Levy, Esq.
100 Park Avenue, 16th Floor
New York, New York 10017
T: 212.599.5455
*Attorneys for Plaintiff Jessica Young*